**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARVIN A. SICHERMAN, TRUSTEE,** | ) ) ) | **CASE NOS. 08 CV 2427** **08 CV 2428** |
| Plaintiff, | ) ) | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | ) ) | |
| **DAVID M. WARBURG,** *et al.*, | ) ) | **Memorandum of Opinion and Order** |
| Defendants. | ) | |

This matter is before the Court upon plaintiff's Motion for Leave to file a Surreply (Doc. 22). Plaintiff also submits its 34-page proposed surreply (Doc. 23).

Plaintiff argues that Ohio's borrowing statute does not apply to bar the claims against Deloitte because the statute of limitations in either New York or Florida has not run yet. Plaintiff argues that the "continuing representation" doctrine tolled the statute. However, plaintiff's complaint alleges that Deloitte's representation of plaintiff ended May 31, 2005. Moreover, the last act Deloitte is alleged to have taken was in April 2005.

Plaintiff also argues that the statute of limitations should be tolled due to Deloitte's

fraudulent concealment.  But, contrary to this assertion, plaintiff's complaint alleges that Deloitte actually disclosed all to the full Board of Directors and Audit Committee in April 2005.

In similar vein, plaintiff complains that the Trustee did not know of the claims until recently.  However, the test is not whether the Trustee knew or should have known.  He simply stands in the shoes of the plaintiff entity - Weida USA.  As the complaint and the petition for bankruptcy confirm, Weida USA did know of the alleged claims, and plaintiff provides no law for the proposition that the Court cannot take judicial notice of the matters set forth in the bankruptcy petition.

Plaintiff also attempts to reargue whether or not the *in pari delicto* defense should apply at the motion to dismiss stage.  The Court has considered these arguments and reviewed the case law.  The Court's opinion on this subject remains unchanged.

Because this Court's Order on the Motions to Dismiss does not depend on Deloitte's argument that the complaint was not specific enough as to what Deloitte did wrong, the Court declines to address plaintiff's new arguments on this point.

The Motion for Leave is DENIED.  This Court's Order on the Motions to Dismiss (Doc. 24) remains undisturbed.

IT IS SO ORDERED.

 /s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date  4/07/09

2